**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Nicholas J. Guglielmo,<br><br>　　　　　　　　　　*Debtor*. | Case No. 25-10413-amc<br>Chapter 7 |

**Motion for Sanctions for Violation of the Automatic Stay**
**by Sunrise Credit Services Inc.**

Debtor Nicholas J. Guglielmo, through his attorney, moves this Court for an order imposing sanctions against Sunrise Credit Services Inc. for willful violation of the automatic stay under 11 U.S.C. § 362, and in support states as follows:

**Background**

1. Mr. Guglielmo filed a voluntary petition for relief under chapter 7 on January 31, 2025.

2. When this case was filed, the automatic stay went into effect under 11 U.S.C. § 362(a). The automatic stay prohibits creditors from taking any action to collect, recover, or enforce prepetition debts against Mr. Guglielmo.

3. When this case was filed, Mr. Guglielmo owed money to Sunrise, which Mr. Guglielmo listed on Schedule E/F.

4. The Bankruptcy Noticing Center served notice of the bankruptcy filing and automatic stay on Sunrise on February 4, 2025. A copy of the notice and certificate of service is attached as Exhibit A.

5. After Sunrise was notified about the automatic stay, it demanded payment from Mr. Guglielmo by sending him a text message on February 26, 2025, and calling him by phone on March 3, 2025, March 4, 2025, and March 5, 2025. A copy of the text

message is attached as Exhibit B. This motion will be amended to include phone records at a later date.

6. As a direct result of Sunrise's violation of the automatic stay, Mr. Guglielmo has suffered damages, including, but not limited to, emotional distress, anxiety, embarrassment, sleeplessness, and attorney's fees.

## Relief Requested

7. Mr. Guglielmo requests that the Court enter an order finding that Sunrise willfully violated the automatic stay under 11 U.S.C. § 362 and awarding actual damages, including attorney's fees and costs, for the harm suffered.

8. Mr. Guglielmo further requests that the Court impose punitive damages to deter future violations of the automatic stay and to uphold the integrity of the bankruptcy process.

## Grounds for Relief

9. The automatic stay under 11 U.S.C. § 362(a) prohibits any act to collect, recover, or enforce a prepetition debt against Mr. Guglielmo.

10. A violation of the automatic stay is willful when a creditor knows about the automatic stay and intentionally does something that violates it.

11. Here, the violation was willful because Sunrise received notice of the bankruptcy and then intentionally demanded payment from Mr. Guglielmo anyway.

12. Sunrise's action was intentional because, although it may not have intended to violate the automatic stay, it did intend to demand payment from Mr. Guglielmo.

2

13. Under 11 U.S.C. § 362(k)(1), a debtor injured by a willful violation of the automatic stay is entitled to actual damages, including attorney fees, and, in appropriate circumstances, punitive damages.

14. Punitive damages serve the crucial function of deterring creditors from disregarding the automatic stay and violating the protections afforded to debtors under the Bankruptcy Code.

15. Without punitive damages, Sunrise may view this as merely a cost of doing business rather than a serious infraction of federal law.

16. Sunrise's willful violation of the automatic stay undermines the fundamental purpose of bankruptcy, which is to provide Mr. Guglielmo with a fresh start and allow an orderly process for resolving debts.

17. If Sunrise is permitted to disregard the automatic stay without consequence, it would erode confidence in the bankruptcy process and discourage future compliance with the law and this Court's injunctive orders.

18. This Court has authority to enforce its own orders by imposing civil contempt sanctions. *Taggart v. Lorenzen*, 587 U.S. 554, 560–62 (2019).

## Conclusion

For the reasons above, the Court must grant relief in the form of order attached, and further in Mr. Guglielmo's favor if necessary and proper under the law.

Date: March 7, 2025                    SADEK LAW OFFICES, LLC
                                       *Attorney for Debtor*

                                       By: /s/ Michael I. Assad
                                         Michael I. Assad
                                         1500 JFK Boulevard, Suite 220
                                         Philadelphia, PA 19102
                                         215-545-0008
                                         michael@sadeklaw.com

4